UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOBY MACFARLANE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 1:19-cr-10131 NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**ASSENTED MOTION TO FILE UNDER SEAL PORTIONS OF DEFENDANT MACFARLANE'S SENTENCING MEMORANDUM AND CERTAIN EXHIBITS**

Pursuant to Local Rule 7.2(a) for the United States District Court for the District of Massachusetts, Defendant Toby Macfarlane respectfully moves for permission to file under seal portions of his sentencing memorandum and certain supporting exhibits. Counsel for the government has informed undersigned counsel that the government assents to this motion.

Under Local Rule 7.2(a), the parties are permitted to request the sealing or impounding of specified materials upon a showing of good cause, and the Court is authorized to order such sealing or impoundment pending further order. When ruling upon such a request, the Court "must carefully balance the presumptive public right of access against the competing interests that are at stake in the particular case." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (citing *Siedle v. Putnam Investments Inc.,* 147 F.3d 7, 10 (1st Cir. 1998)). The privacy rights of defendants and third parties constitute significant countervailing interests that can overcome the presumption of

1

access. *Kravetz,* 706 F.3d at 62 (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)); *In re Boston Herald, Inc.,* 321 F.3d 174, 190 (1st Cir. 2003). Third-party privacy interests are particularly protected—they constitute "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (quoting *Amodeo*, 71 F.3d at 1050-51).

Courts analyzing whether privacy interests overcome the presumption of access "consider the degree to which the subject matter is traditionally considered private rather than public." *Kravetz*, 7-6 F.3d at 59. If the information at issue implicates traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications," and similar conduct, privacy interests will "weigh more heavily against access." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Likewise, medical information is "universally assumed to be private, not public." *Id.* at 63 (quoting *In re Boston Herald*, 321 F.3d at 190); *see also United States v. Kravetz*, 948 F. Supp. 2d 89, 93 (D. Mass. 2013) (ordering portions of defendant's sentencing memorandum and attached letters discussing the defendant's and third parties' medical history redacted).

Here, Mr. Macfarlane proposes to protect medical information relating to treatment by his psychiatrist, other private medical information and sensitive personal information concerning Mr. Macfarlane and his family, and a limited number of support letters expressing private personal information regarding themselves or Mr. Macfarlane. Mr. Macfarlane requests that this information remain sealed until further order of the Court.

//

## **CONCLUSION**

The documents that Mr. Macfarlane moves to seal or redact include highly sensitive information that, if disclosed, would cause severe injury to his privacy interests or to the privacy interests of third parties.  WHEREFORE, Mr. Macfarlane respectfully requests that the Court grant its motion to file under seal portions of his Sentencing Memorandum and supporting exhibits.

Dated:  November 1, 2019	Respectfully Submitted,


	/s/ Ted W. Cassman

	Ted W. Cassman (Admitted Pro Hac Vice)
	Arguedas, Cassman, Headley & Goldman LLP
	803 Hearst Avenue
	Berkeley, CA 94710
	Telephone: (510) 845-3000
	Email:  cassman@achlaw.com

	Attorneys for Defendant Toby Macfarlane

CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2019, I filed the foregoing with the foregoing with the Clerk of the Court for the District of Massachusetts using the CM/ECF system, which will send notification of such filing to all attorneys of record via the notice of electronic filing (the "NEF").

Dated: November 1, 2019

                                      /s/ Ted W. Cassman
                                      Ted W. Cassman