United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 19-10131-NMG |
| Toby Macfarlane, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

GORTON, J.

Currently pending before the Court is Defendant Toby Macfarlane's Emergency Motion for Modification of Sentence. In light of the COVID-19 pandemic, defendant Macfarlane seeks to have this Court reduce his six-month prison sentence, of which he has now served more than one-half, to time served on the condition that he serve the remaining portion of his prison term in home confinement.

After defendant was sentenced, he was committed to the custody of the Bureau of Prisons ("BOP") and was incarcerated at the U.S.P. Tucson Satellite Camp in Arizona ("the Camp"). On March 18, 2020, defendant's counsel requested that the BOP seek a modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c). On March 27, 2020, Macfarlane sent a letter to the

-1-

Warden of U.S.P. Tucson requesting a transfer to home confinement after United States Attorney General William Barr, directed that, for the certain classes of inmates, the BOP prioritize use of its "various statutory authorities to grant home confinement." The Warden denied both requests.

On April 3, 2020, defendant Macfarlane was told he would be released on April 8, 2020, and transferred to a halfway house. Subsequently, he was told that, pursuant to a new BOP policy, he was required to undergo a 14-day quarantine before he was eligible for transfer and, because the Camp had no suitable quarantine facility, he was to be transferred to a higher security facility where he would be confined to his cell for 23 hours each day. Macfarlane is currently being incarcerated in such manner and apparently has not been able to contact his family.

Pursuant to 18 U.S.C. § 3582(c), the court

> may not modify a term of imprisonment once it has been imposed except...upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights...if it finds that extraordinary and compelling reasons warrant such a reduction;

Defendant Macfarlane has requested that the BOP file a motion to reduce his sentence and the BOP has denied that request. The Court finds that defendant has therefore fully

exhausted his administrative rights and his motion is properly before this Court.

The Court also finds that, in light of 1) the COVID-19 pandemic and the national emergency declared by the President of the United States; 2) the particular risk of infection and transmission risk in penitentiary facilities; 3) the fact that the defendant is a non-violent first-time offender who does not pose a danger to the community; and 4) the fact that he has been (and will be for the next week) subject to a quarantine in solitary confinement at a higher security facility, there exist extraordinary and compelling circumstances which warrant a reduction in Macfarlane's sentence.

Given the described circumstances, the Court determines that Macfarlane's two-week confinement in solitary quarantine in a higher security facility is the equivalent of two months in the Camp to which he was originally assigned. The Court therefore deems that, after he has completed his 14-day quarantine on April 21, 2020, Macfarlane will have served more than five months of his sentence. The Court will thereupon reduce his sentence to time served, on the condition that he immediately proceed to home detention with electronic monitoring through June 30, 2020.

The Court further makes the strong recommendation to the BOP that Mr. Macfarlane be allowed at least two telephone calls

per day during his quarantine so that he may contact his family and counsel.

ORDER

For the foregoing reasons, the plaintiff's Emergency Motion for Modification of Sentence (Docket No. 348) is **ALLOWED, in part, and DENIED, in part.** Upon completion of Macfarlane's quarantine at the Bureau of Prisons facility in which he is currently incarcerated on April 21, 2020, his sentence is hereby reduced to time served and he is to be released to home confinement with electronic monitoring at that time. He is to travel from the U.S.P. Tucson to his residence in California by vehicle and immediately commence such home confinement.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 14, 2020